USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _09/06/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SETH A. MENSAH,                                    :
                                                   :
                    Plaintiff,                     :     **OPINION AND**
                                                   :     **ORDER**
                                                   :
                                                   :     23-CV-2465 (JLC)
         -v-                                        :
                                                   :
BOEING CORPORATION,                                :
                                                   :
                    Defendant.                     :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Seth Mensah, proceeding *pro se*, has brought this action against the Boeing

Company ("Boeing"),[1] alleging that Boeing misappropriated his intellectual

property.  Pending before the Court is Boeing's motion to dismiss for lack of

personal jurisdiction, insufficient service of process, and failure to state a claim

pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil

Procedure.  For the reasons set forth below, the motion to dismiss is granted and

the case is dismissed with prejudice.

## I.    BACKGROUND

### A. Factual Background

The following facts, drawn from the complaint ("Compl."), Dkt. No. 1-1 at 3,[2]

---

[1] Mensah names Boeing as "Boeing Corporation" in his complaint.

[2] Paginated citations to the complaint refer to page numbers generated by the
electronic case filing (ECF) system.  Citations to paragraph numbers refer to the
numbered paragraphs of the complaint Mensah filed in state court, located at pages
3–4 of docket number 1-1.

the exhibits attached to it, and additional submissions made by Mensah, are assumed true for purposes of this motion. *See, e.g.*, *Saudagar v. Walgreens Co.*, No. 18-CV-437 (KPF), 2019 WL 498349, at *1 n.1 (S.D.N.Y. Feb. 8, 2019) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." (quoting *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013))); *Marecheau v. Equal Emp't Practices Comm'n*, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *2 (S.D.N.Y. Sept. 30, 2014) (on motion to dismiss, courts may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [plaintiff] relied in bringing the suit" (citation omitted)); *Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 481 (E.D.N.Y. 2005) ("[T]he Court will treat the factual allegations in the affidavit and its attachments as amendments to the complaint.").

    Mensah, a resident of the Bronx, New York, brought this suit against Boeing, a Virginia-based aerospace corporation. Compl. ¶ 1. Mensah alleges that in October 2020, following a phone call with a representative of Boeing's "intellectual property division," Letter Filed April 7, 2023 ("April 7 Letter") at 2, Dkt. No. 12, he sent an email of an "unsolicited proposal" with his "intellectual property" to the address boeingassessment@boeing.com. *See* Compl. ¶¶ 1–2. The email included nearly 300 pages of formulas, equations, and diagrams, which are also attached to the complaint. *See* Dkt No. 1-1 at 6–146; Dkt No. 1-2 at 1–156. Mensah alleges that Boeing then used his intellectual property as part of "an electric engine

component" for the "propulsion system" in two of its aircraft models without compensating him.  Compl. ¶¶ 3–4, 8.  According to Mensah, "[t]here was on [*sic*] contract involve[d] of the money which was suppose[d] to pay as a negotiated amount of money, but once a company uses an unsolicited proposal" that company "should at least compensate the person" who submitted the unsolicited work.  *Id.* ¶ 8.  As such, Mensah alleges that he "has been damage[d]" by Boeing "in a sum of" $20,000,000.  *Id.* ¶ 9.

### B. Procedural History

Mensah brought this action *pro se* on February 14, 2023 in New York County Supreme Court, *see* Dkt. No. 1-1 at 2, and filed an affidavit of service dated March 1, 2023 ("service affidavit").  Dkt. No. 1-3 at 2.  On March 23, 2023, Boeing removed the action to this District pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(a).  Dkt. No. 1.  On March 30, 2023, the parties consented to my jurisdiction for all purposes. Dkt. No. 6.  On the same day, Boeing moved to dismiss the complaint, Dkt. No. 7, and filed accompanying declarations of Jacob Taber dated March 30, 2023 ("Taber Decl."), Dkt. No. 8, and of Andrew C. Adamson dated March 29, 2023 ("Adamson Decl."), Dkt. No. 9, and a memorandum of law.  Dkt. No. 10 ("Def. Mem.").[3]  Mensah

_____

[3] The Taber Declaration alerts the Court that Mensah has filed seven other lawsuits against different defendants making essentially the same or similar allegations, all of which were dismissed.  Def. Mem. at 1.  The Court may consider these lawsuits in deciding the pending motion.  *See, e.g., Brady v. Schneiderman*, No. 15-CV-9141 (RA), 2016 WL 3906737, at *1 (S.D.N.Y. July 13, 2016) (considering prior law suits of *pro se* serial litigant), *aff'd*, 714 F. App'x 60 (2d Cir. 2018); *cf. Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 152 (S.D.N.Y. 2002) ("A court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including the decisions of other courts.").

then filed the April 7 Letter outlining his opposition to Boeing's motion.

## II.   DISCUSSION

Boeing has moved to dismiss on three separate grounds: (1) under Rule 12(b)(2) for lack of personal jurisdiction; (2) under Rule 12(b)(6) for failure to state a claim; and (3) under Rule 12(b)(5) for failure to effectuate proper service.  Each ground is discussed below.

### A.  Legal Standards

#### 1.  Motions to Dismiss for Lack of Personal Jurisdiction

"On a 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)).  The plaintiff need only make a *prima facie* showing "of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 5549039, at *7 (S.D.N.Y. Sept. 16, 2020).  "[T]he Court may [also] consider materials outside the pleadings, including affidavits and other written materials," and "assumes the verity of the allegations to the extent they are uncontroverted by the defendant's affidavits." *H.B. by Barakati v. China S. Airlines Co. Ltd.*, No. 20-CV-9106 (VEC), 2021 WL 2581151, at *2 (S.D.N.Y. June 23, 2021).

#### 2.  Motion to Dismiss for Failure to State a Claim

In considering a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).

To survive dismissal, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"*Pro se* plaintiff filings are liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. X Gear 101, LLC*, No. 17-CV-6452 (GBD) (GWG), 2018 WL 3528731, at *4 (S.D.N.Y. July 23, 2018) (cleaned up), *adopted by* 2018 WL 4103492 (Aug. 28, 2018); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (review of *pro se* complaint for sufficiency requires "special solicitude, interpreting complaint to raise strongest claims that it suggests." (cleaned up)). "However, even the pleadings of *pro se* plaintiffs 'must contain factual allegations sufficient to raise a right to relief above the speculative level.'" *Franklin*, 2018 WL 3528731, at *4 (quoting *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y.

2009)).

### 3.  Motion to Dismiss for Insufficient Service of Process

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Lim Tung v. Deutsche Bank Tr. Co.*, No. 19-CV-5445 (RPK) (SJB), 2022 WL 471907, at *4 (E.D.N.Y. Jan. 11, 2022) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).  On such a motion, the Court "may consider 'matters outside the complaint to determine whether it has jurisdiction.'" *Holmes v. Caliber Home Loans, Inc.*, No. 16-CV-3344 (KMK), 2017 WL 3267766, at *4 (S.D.N.Y. July 31, 2017) (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)).  "Although *pro se* litigants are afforded a certain amount of leniency with respect to service of process, 'they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience.'" *Jordan-Rowell v. Fairway Supermarket*, No. 18-CV-1938 (VEC) (DF), 2019 WL 570709, at *5 (S.D.N.Y. Jan. 16, 2019) (quoting *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671 (2d Cir. 2012)), *adopted by* 2019 WL 568966 (Feb. 12, 2019).

### B. The Court Lacks Personal Jurisdiction over Boeing

Boeing first argues that the Court lacks personal jurisdiction over it in this case.  *See* Def. Mem. at 5–6.  The Court agrees.  As a threshold matter, there is no general jurisdiction over Boeing, which was incorporated in Delaware and has its principal place of business in Virginia.  *See* Def. Mem. at 5; Taber Decl. ¶ 11 & Ex. 8; *see also, e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (corporation subject to general jurisdiction in state "where it is incorporated or

where it has its principal place of business" or in another jurisdiction in

"exceptional" case).

Moreover, the Court may not exercise specific jurisdiction over Boeing for

Mensah's particular cause of action.  The Court may only do so if (1) there is

jurisdiction under New York's long-arm statute, and (2) jurisdiction comports with

the Due Process Clause of the U.S. Constitution.  *See, e.g.*, *Chloe v. Queen Bee of*

*Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010).  N.Y. C.P.L.R. § 302(a)(1),

New York's long-arm statute, permits the exercise of personal jurisdiction over a

non-domiciliary like Boeing only if (1) it "'transacts any business within the state';

*and* (2) the 'cause of action aris[es] from' that business transaction."  *Romero v. 88*

*Acres Foods, Inc.*, 580 F. Supp. 3d 9, 15 (S.D.N.Y. 2022) (quoting N.Y. C.P.L.R.

§ 302(a)(1)).  Mensah's claim does not meet the latter requirement.

For a cause of action to "arise from" a business transaction, there must be an

"an articulable nexus, or a substantial relationship, between the claim asserted and

the actions that occurred in New York."  *Best Van Lines, Inc. v. Walker*, 490 F.3d

239, 246 (2d Cir. 2007).  Mensah has not alleged any facts to suggest that his cause

of action arises from any transactions made by Boeing in New York.  Indeed, there

is no reason to think that the alleged act that he challenges—his "unsolicited

proposal . . . be[ing] used by Boeing" on two of its airplanes—occurred in New York.

*See, e.g. Corley v. Vance*, 365 F. Supp. 3d 407, 435 (S.D.N.Y. 2019) (no personal

jurisdiction in case brought by *pro se* New York plaintiff against Facebook because

plaintiff did "not make any argument . . . that his claims . . . ar[o]se out of in-state

business activity"), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020).
Thus, the Court lacks specific jurisdiction over Boeing and the motion to dismiss for
lack of personal jurisdiction under Rule 12(b)(2) is granted.

### C. Mensah's Complaint Fails to State a Claim Upon Which Relief Can be Granted

Even if the Court did have jurisdiction over Boeing, Mensah has failed to
state a cognizable claim. The Court construes Mensah's complaint to allege a trade
secret misappropriation claim. To adequately state this claim, Mensah must
allege "(1) that [he] possessed a trade secret, and (2) that the defendant used that
trade secret in breach of an agreement, confidential relationship or duty, or as a
result of discovery by improper means." *Cont'l Indus. Grp., Inc. v. Altunkilic*, 788 F.
App'x 37, 40 (2d Cir. 2019) (citation omitted).[4]

Mensah's allegations fall short. Most significantly, he has not alleged that he
possessed a trade secret. "Under New York law, a trade secret is any formula,
pattern, device or compilation of information which is used in one's business, and
which gives the owner an opportunity to obtain an advantage over competitors who
do not know or use it;" however "[t]he most important consideration is whether the
information was [actually] secret." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*,
No. 18-CV-11386 (VSB), 2023 WL 4159358 at *13 (S.D.N.Y. June 2, 2023) (cleaned

---

[4] Where the "parties' briefs assume that New York law controls[,] . . . such implied
consent is sufficient to establish choice of law." *MIG, Inc. v. Paul, Weiss, Rifkind,
Wharton & Garrison, L.L.P.*, 701 F. Supp. 2d 518, 532 (S.D.N.Y. 2010) (quoting
*Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004)); *see also Wolfson v.
Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011) (same for *pro se* litigants). Here,
Boeing cites to New York cases in support of its position and Mensah does not
suggest that any other state's law applies. *See, e.g.*, Def. Mem. at 11.

up).  Thus, "if an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right [in that secret] is extinguished[.]"  *Structured Cap. Sols., LLC v. Commerzbank AG*, 177 F. Supp. 3d 816, 832 (S.D.N.Y. 2016) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)).

In *Pauwels v. Deloitte LLP*, a plaintiff brought a trade secret misappropriation claim against his former employer, to whom he had previously sent the alleged trade secrets via spreadsheets.  No. 19-CV-2313 (RA), 2020 WL 818742, at *6 (S.D.N.Y. Feb. 19, 2020).  The court explained:

> Although sending the spreadsheets to [the employer] does not in itself destroy the secrecy of the alleged trade secret, Plaintiff's failure to allege substantial measures—if any measures at all—taken to protect the spreadsheets . . . does preclude this claim's success.  Notably, Plaintiff has not alleged the existence of any formal agreement between him and [his employer] regarding the information's confidentiality.  And while a formal agreement is not necessary to establish secrecy, Plaintiff does not even allege that he ever sought to establish any particular limitations on who within or outside of [the employer] could see the spreadsheets.

*Id.* (cleaned up).

Those circumstances are analogous here.  Mensah specifically alleged that he emailed his "intellectual property" to Boeing, *see* Compl. ¶¶ 1–2; Dkt No. 1-1 at 6–146, Dkt No. 1-2 at 1–156, but he does not allege that he "ever sought to establish any particular limitations" on who could see it.  Indeed, he alleged that the "proposal" was "unsolicited."  Compl. ¶ 8.[5]  Thus, even if the Court had jurisdiction

---

[5] Confusingly, Mensah also alleged that "[t]here was *on* [*sic*] contract involve[d] . . . ,

over Boeing, Mensah's trade secret misappropriation claim is not cognizable.  Thus, in the alternative, the motion is granted under Rule 12(b)(6).

### D. Mensah Failed to Properly Serve Boeing

Boeing argues that Mensah's complaint should also be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.  *See* Def. Mem. at 9.

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4."  *Jordan-Rowell*, 2019 WL 570709, at *5 (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)).  Rule 4 of the Federal Rules of Civil Procedure offers two pathways for proper service of Boeing, a corporation.

First, Rule 4(h)(1)(B) allows for a corporation to be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  An officer is a "high-ranking official," and an agent is someone "invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it*." Kwan v. Schlein*, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006) (cleaned up) (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2d Cir. 1972)).

---

but once a company uses an unsolicited proposal of somebody who sent them ideas they should at least compensate the person."  Compl. ¶ 8 (emphasis added).  It is arguably ambiguous what Mensah meant by this—whether there was "*no* contract" or "[*an*] contract."  However, even if Mensah meant to allege that there was "an contract," he has not put forward any specific allegations to make the existence of one seem plausible.  Indeed, by his own admission, his email was "unsolicited." *Id.*

The service affidavit that Mensah filed indicates that service was executed on Bryanda Liliana Tobar at "actual place of business," 929 Long Bridge Drive, Arlington, Virginia.  Dkt. No. 1-3 at 2.  The process server apparently handed a copy of the summons to a "mail room clerk . . . employed by a Boeing contractor." Adamson Decl. ¶¶ 5–8.  As the person who was served is not even employed by Boeing, much less an agent or officer, personal service to her was not in compliance with Rule 4(h)(1)(B).

Alternatively, Rule 4(e)(1) permits service in accordance with the "state law for serving a summons in an action" in "the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  New York, where this Court is located, permits service to corporations via "first class mail, postage prepaid" "to the person or entity to be served."  *Zaerpour v. JP Morgan Chase Bank*, No. 21-CV-9680 (JPC) (JLC), 2022 WL 3159287 at *1 (quoting N.Y. C.P.L.R. §§ 311(a)(1), 312-a(a)). However, for service to be properly executed in this manner, "the summons and complaint must be accompanied by 'two copies of a statement of service by mail and acknowledgment of receipt . . . with a return envelope.'"  *Id*. (quoting § 312-a(a)). The service affidavit that Mensah filed indicates that service was completed in accordance with the above requirements on February 27, 2023; however, Mensah has failed to establish that Boeing returned a signed acknowledgment.  *See* Dkt. No. 1-3 at 2.  Thus, he has failed to properly serve Boeing pursuant to Rule 4(e)(1), which is yet another ground for dismissal of this action.

**E.  The Complaint Should be Dismissed with Prejudice**

Finally, Boeing argues that Mensah's complaint should be dismissed with prejudice.  *See* Def. Mem. at 14.  In the Second Circuit, "a *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (cleaned up).  However, where a "problem with . . . causes of action is substantive" and "better pleading will not cure it[,] . . . [r]epleading would . . . be futile" and the suit should be dismissed with prejudice.  *Cuoco v. Moritsugu,* 222 F.3d 99, 106 (2d Cir. 2000).

While district courts typically grant *pro se* plaintiffs leave to amend at least once, in the case of serial litigants, dismissal with prejudice on the first try is warranted where it is clear that repleading would be futile.  *See, e.g.*, *Brady*, 2016 WL 3906737, at *4 (serial litigant's initial complaint dismissed with prejudice).  That is the case here, where the Court lacks jurisdiction over Boeing.  Additionally, Mensah has admitted he provided the purported trade secrets to Boeing through an unsolicited submission and therefore will not be able to state a misappropriation claim even if he were to try to replead it.  Finally, Mensah has already attempted seven other lawsuits based on essentially the same alleged facts, all of which were dismissed.

As repleading would be futile, the case is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438,

12

444–45 (1962).

### III.   CONCLUSION

For all the foregoing reasons, Boeing's motion to dismiss the complaint, with prejudice, is granted.  The Clerk is respectfully directed to enter judgment for Boeing and close this case.

**SO ORDERED.**

Dated:  September 6, 2023
         New York, New York

JAMES L. COTT
United States Magistrate Judge